Filing # 55185573 E-Filed 04/17/2017 08:18:27 PM

IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

| | |
|---|---|
| MARY FRANCES PULIZZI, | |
| **Plaintiff,** | Case No.: _____ |
| v. | **TITLE VII, ADAA, FCRA CLAIMS** |
| MONSTER ENERGY COMPANY, | **IN EMPLOYMENT** |
| **Defendant.** | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, MARY FRANCES PULIZZI, by and through her undersigned counsel,
hereby sues defendant MONSTER ENERGY COMPANY, and would allege as support
as follows:

### JURISDICTION AND VENUE

1.     This action arises out of violations of Title VII of The Civil Rights Act of
1964 (29 U.S.C. 2000, *et seq.*) and the Florida Civil Rights Act of 1992, Fla. Stat. §
760.01, *et. seq.*

2.     This Court possesses jurisdiction over the above-listed Defendants
because those Defendants reside in, operate, conduct, engage in, or carry out a business in
Florida, and the Plaintiff was, during the relevant period, employed while residing in
Sarasota County, Florida.

3.     Venue is proper in this District because a substantial part of the events and
omissions giving rise to the claims herein were directed to a person residing in this
District, and because the discrimination complained of in this action occurred while

00620441-1

Plaintiff resided in this district.  Further, Plaintiff's FCRA claims are properly within this jurisdiction pursuant Florida's Long Arm Statute, Florida Statutes § 48.193 since wrongful conduct, whether performed within the State or outside it, was directed to persons residing in the State of Florida.

4.      All prerequisites and requirements have been met in order to bring this action.

## THE PARTIES

5.      Defendant MONSTER ENERGY COMPANY ("MONSTER") is, on information and belief, a Delaware corporation with principal place of business located in California, but with substantial nation-wide operations primarily in the area of beverage sales.

6.      Plaintiff, MARY FRANCES PULIZZI ("Ms. Pulizzi"), is a woman and was, during the period relevant to this action, an employee of Defendant MONSTER who participated in an investigation regarding alleged sexual harassment and/or discrimination by an executive employed by MONSTER and therefore belongs to a class of persons over whom Title VII of the Civil Rights Act extends protection from unlawful discrimination.

## GENERAL ALLEGATIONS

7.      Ms. Pulizzi was hired by Defendant MONSTER on or about May 2011 as a Regions Account/Administrative Assistant.  Plaintiff was promoted in January 2012 to the position of Business Development Manager and again in August 2014 to Commercialization Manager.

00620441-1

8.     In late 2013, Plaintiff began to work (at least indirectly) for MONSTER employee John Kenneally.  In the course of her work with Mr. Kenneally, Plaintiff was given a number of suspect and concerning directives by Mr. Kenneally. For example, Plaintiff was instructed by Mr. Kenneally to not perform certain job duties in order to sabotage a female coworker so that Mr. Kenneally could, according to him, "watch her fall on her face and fire her." Specifically, Mr. Kenneally requested that Plaintiff withhold valuable business information from Sales Director, Margaret McNaughton— information that she required in order to perform her job.

9.     Just after these incidents, Ms. Pulizzi was asked to participate in an investigation of sexual harassment and/or discrimination which had been alleged against Mr. Kenneally.  Plaintiff, being assured the investigatory process to be confidential (as outlined in company documents and manuals), provided negative feedback about Mr. Kenneally and his behavior towards female coworkers. Almost immediately after providing information to MONSTER human resources staff, Plaintiff began being subjected to hostile and harassing behavior by Mr. Kenneally.

10.     The investigation in question took place on August 27, 2014. Only a few days later, on or about September 4, 2014, Ms. Pulizzi discovered that Mr. Kenneally had been made aware of the statements Plaintiff made during the investigation. Mr. Kenneally was able to recite verbatim to his staff Plaintiff's supposedly confidential comments made during the investigation. Plaintiff contacted MONSTER employee Rebecca Alminiana on September 4, 2014, at which time Ms. Alminiana confirmed that MONSTER management had notified Mr. Kenneally of everything that had been said

during the investigation by Plaintiff and identified Plaintiff as the source of that information.

11.    At that time, Ms. Alminiana also stated, "John [Kenneally] is pissed and he will be retaliating, do you want to file a retaliation claim?" Plaintiff responded at that time she did not want to file a retaliation claim with the company since she already feared continued retribution from Mr. Kenneally and the company had previously identified her comments despite assurances the previous investigation would be handled confidentially. Further, Plaintiff is informed and believes that the "anonymous" 1-800 hotline provided to employees of MONSTER and stated in the employee handbook as a means for employees to report harassment and discrimination issues to an unbiased 3rd party for anonymous investigation instead, in fact, would ring directly to Christina Seafort, VP of Human Resources at MONSTER.

12.    Due to the angry and uncontrolled outbursts of Mr. Kenneally, Plaintiff felt not only fearful for her career, but at times fearful of physical retaliation by Mr. Kenneally, and advised MONSTER of those fears.  At this point in time, some female colleagues had warned Plaintiff about Mr. Kenneally's temper and indicated that Plaintiff would be wise to be extremely fearful of him.

13.    Plaintiff is informed and believes that a now former coworker (Page Zeringue) has documented evidence of Mr. Kenneally making threats of harm and death against Plaintiff and the original sexual harassment/discrimination complainant, Ms. Maria Behr.

00620441-1

14.     Furthermore, Plaintiff is informed and believes that Ms. Zeringue herself was later intimidated by Mr. Kenneally and physically threatened on multiple occasions, including during an altercation having taken place at the Tampa International Airport which led to police confronting and restraining Mr. Kenneally and writing an official report. Plaintiff is informed and believes the first of the threats to Ms. Zeringue by Mr. Kenneally took place on March 6, 2015; only four days after Plaintiff filed her retaliation claim with human resources.

15.     Due to her fear of Mr. Kenneally, Plaintiff decided following the post-investigation confrontation at the office of Mr. Kenneally to leave Atlanta (where Plaintiff was attending company meetings) and return home to Florida. Apprised of the rationale for this return and of Plaintiff's fears, Ms. Alminiana agreed it was a good idea and assured Plaintiff that MONSTER would pay any airfare change fees associated with early termination of Plaintiff's business trip.

16.     Thereafter, Plaintiff continued to suffer from angry, abusive outbursts by Mr. Kenneally in retaliation for her participation in the investigation into Mr. Kenneally's behavior at the company against other women. Mr. Kenneally would address Plaintiff in abusive and derogatory ways, on information and belief, in an attempt to force her to resign her position with the company. This behavior was near constant for a period of months.

17.     Initially, Plaintiff's direct supervisor (appointed in December 2014 and who, in turn, reported to Mr. Kenneally), Andrew Wilkenson was supportive regarding Plaintiff's efforts to placate and avoid Mr. Kenneally when informed of the retaliation.

However, only weeks later, Mr. Wilkenson stopped responding to contact attempts from Plaintiff regarding her everyday work-related questions and feedback, as well as stopped taking or returning most calls and emails (even in instances where Plaintiff needed info to perform her job).  In February 2015, only having worked with Plaintiff for just over two months, Mr. Wilkenson delivered a very negative performance review, though he could not justify or explain the basis for his negative comments. Plaintiff, on information and belief, believes MONSTER Human Resources and/or Mr. Kenneally forced Mr. Wilkenson to place Plaintiff on performance review and to make efforts to attempt to terminate her employment.

18.   While she considered resigning, Plaintiff elected to stay because she sincerely enjoyed working for MONSTER prior to her participation in the investigation and believed that she could "win over" Mr. Kenneally and gain his respect and trust as a colleague. Further, Plaintiff had earned, through her hard work, company stock options that she did not want to walk away from.

19.   A number of other employees were affected by Mr. Kenneally's efforts to retaliate against Plaintiff. Mr. Kenneally told numerous other employees that they were not allowed to speak with Plaintiff or provide her with any information that she required in order to perform her job (the same "freeze out" tactics he had previously tried to force Plaintiff to use on Ms. Margaret McNaughton).

20.   After months of beratement and mistreatment by Mr. Kenneally and Mr. Wilkenson due to her role in the investigation, Plaintiff, who had begun treating with a Cognitive Behavioral Therapist to help her manage her stress due to Mr. Kenneally's

behavior, was ordered by her doctor to take a mandatory leave of absence in order to manage the stress and anxiety caused by Mr. Kenneally.

21.    Plaintiff began suffering around that time with Post-Traumatic Stress Disorder ("PTSD") and chronic stress and anxiety due to her interactions with Mr. Kenneally. It became clear to Plaintiff at that time that she would not be able to "win over" Mr. Kenneally, so she requested as a reasonable accommodation for her manifesting psychological conditions to be assigned to a supervisor other than Mr. Kenneally.

22.    Following her leave period, Plaintiff was released to return to work on or about June 6, 2015 subject to a requirement by her doctor of limitations on contact with Mr. Kenneally. Plaintiff attempted then to return to work multiple times and each time she inquired about an open position within the company, she was told that she was not eligible for the position, despite the fact that her years of work experience, extensive knowledge of various functions within the beverage industry, and her previous exemplary work record would have made her an appropriate candidate for most positions within the company.

23.    Conversations about returning to work took place with both Ms. Alminiana and Ms. Tamela Hysten on multiple occasions, specifically as follows:

a.    In May 2015, Plaintiff had a telephone conversation with Ms. Alminiana in which she requested to return to work in an open position on the NASCAR Marketing Team. A Ms. Cari Cellini, the MONSTER NASCAR Marketing Manager, verbally approached Plaintiff regarding a

job on her team. At Ms. Cellini's encouragement, Ms. Pulizzi contacted

Ms. Alimiania in human resources to request a return to work in the open

position on the NASCAR Marketing Team, reporting to Ms. Cellini.

Plaintiff was refused this position.

b.    On June 1, 2015, Plaintiff had a telephone conversation with Ms.

Alminiana regarding options for returning to work. Plaintiff proactively

attempted to compromise with Ms. Alminiana on job options with

MONSTER, but received no support or compromise on the matter.

c.    On December 17, 2015, Plaintiff had a telephone conversation with a Ms.

Tamela Hysten in which Plaintiff expressed a desire to return to work and

was again refused.

24.    Since MONSTER refused to allow Plaintiff to return to any position with

the company and given her inability to continue to work for Mr. Kenneally, Plaintiff's

employment was effectively terminated by MONSTER.

25.    As a result of the actions of the Defendants, Ms. Pulizzi has been forced to

retain the undersigned counsel and has agreed to pay a reasonable fee thereto.

## COUNT I

### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE FLORIDA CIVIL RIGHTS ACT OF 1992

26.    Ms. Pulizzi hereby reincorporates the foregoing paragraphs as though fully

set forth herein.

00620441-1

27.     Defendant MONSTER engaged in a pattern and practice of targeting Plaintiff for retaliatory efforts due to her participation in an investigation of claims of sexual harassment/discrimination.

28.     This pattern and practice included abusive and angry behavior by Mr. Kenneally, as well as humiliation and degradation of Plaintiff in front of and to her peers.

29.     Ms. Pulizzi, a member of a protected class and an otherwise qualified employee, was therefore subjected to intentional discrimination on the basis of her participation in an EEO investigation.

30.     Defendant and its agents acted with malice and/or reckless indifference as to the rights of the Plaintiff to be free from intentional discrimination in employment terms and conditions pursuant to Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992.

## COUNT II

### FAILURE TO GRANT REASONABLE ACCOMMODATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED ("ADAA"), AND THE FLORIDA CIVIL RIGHTS ACT OF 1992

31.     Ms. Pulizzi hereby reincorporates the foregoing paragraphs numbered 1 through 24 as though fully set forth herein.

32.     Plaintiff was an otherwise qualified employee with a disability pursuant to the Americans with Disabilities Act of 1990, as Amended ("ADAA"), 42 U.S.C. §§ 12101 et seq., 29 CFR Parts 1630 and 1602, et seq. and the FCRA.

00620441-1

33.     Ms. Pulizzi requested an accommodation of her psychological conditions in the form of transfer or reassignment to a different work group, department, or division in order to avoid the retaliatory behavior or Mr. Kenneally.

34.     However, with knowledge of her requested accommodation and Mr. Kenneally's retaliatory behavior, MONSTER continued to refuse Plaintiff an opportunity to return from leave to a different work group, department, or division.

35.     Defendants and its agents acted with malice and/or reckless indifference as to the rights of the Plaintiff to be granted a reasonable accommodation in order that she could perform the essential functions of her job as an otherwise qualified employee under the Americans with Disabilities Act of 1990, as Amended and the Florida Civil Rights Act of 1992.

## DEMAND FOR JURY TRIAL

36.     Ms. Pulizzi hereby demands a jury trial on all issues so triable.


**WHEREFORE**, Ms. Pulizzi respectfully requests this Court enter judgment as to Counts I and II against the Defendant herein and awarding her economic, non-economic, and punitive damages as well as awarding her the costs and reasonable attorneys' fees incurred in bringing this action, as well as any such other and further relief as the Court may find just and proper.

00620441-1

ICARD, MERRILL, CULLIS, TIMM,
FUREN & GINSBURG, P.A.
8470 Enterprise Circle, Suite 201
Lakewood Ranch, Florida 34202
(941) 366-8100 Telephone
(941) 366-6384 Facsimile

*/s/ Joseph M. Herbert, Esq.*
JOSEPH M. HERBERT, ESQ.
Florida Bar No. 84260
jherbert@icardmerrill.com

00620441-1